UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Woodard*, 7:20cv82803 | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 14. Having fully considered the parties' arguments and applicable Colorado law,[1] the Court concludes that Defendant's motion should be denied in part and granted in part.

Summary judgment is appropriate where there are no genuine disputes of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

---

[1] The parties agree Colorado law applies to Woodard's claims. *See* ECF No. 12. Additionally, the Court assumes the parties' familiarity with the general factual allegations and nature of this multidistrict litigation.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of demonstrating the absence of a genuine dispute of material fact rests with the moving party. *Celotex*, 477 U.S. at 323. In determining whether the moving party has carried its burden, a court must view the evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party. *Liberty Lobby*, 477 U.S. at 255; *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).

Woodard has brought fifteen claims against Defendant under Colorado law arising from injuries he alleges were caused by his use of the Combat Arms Earplug version 2 ("CAEv2") during his military service. *See* Master Short Form Compl., ECF No. 1.[2] Defendant moves for summary judgment on several grounds including that: (a) each of Woodard's claims fails as a matter of law due to insufficient causation evidence; (b) Woodard's fraud-based claims fail as a matter of law due to insufficient reliance evidence; (c) Woodard's fraudulent concealment claim fails as a matter of law because Defendant had no duty to disclose known defects; (d) Woodard's fraud and deceit and Colorado Consumer Protection Act ("CCPA") claims are duplicative of other counts; (e) Woodard's punitive damages claim fails

---

[2] Specifically, Woodard raises claims for Design Defect – Negligence (Count I), Design Defect – Strict Liability (Count II), Failure to Warn – Negligence (Count III), Failure to Warn – Strict Liability (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), Negligent Misrepresentation (Count VII), Fraudulent Misrepresentation (Count VIII), Fraudulent Concealment (Count IX), Fraud and Deceit (Count X), Gross Negligence (Count XI), Negligence Per Se (Count XII), Consumer Fraud and/or Unfair Trade (Count XIII), Unjust Enrichment (Count XV), and Punitive Damages (Count XVI). ECF No. 1 at 4.

as a matter of law because his underlying substantive claims should be dismissed; and (f) Woodard's negligent misrepresentation, breach of express warranty, breach of implied warranty, and unjust enrichment claims fail as a matter of law under various theories. *See* ECF No. 14. In response, Woodard withdrew his claims for negligent misrepresentation, breach of express warranty, breach of implied warranty, and unjust enrichment claims. ECF No. 16 at 14. The Court will address the remaining issues below.

## I. Sufficient Causation Evidence

Defendant moves for summary judgment on all of Woodard's claims on the issue of specific causation, arguing, as it previous argued in a *Daubert* motion, *see* ECF No. 15, that Woodard has not proffered reliable specific causation testimony from an expert witness. Alternatively, Defendant argues summary judgment is appropriate on specific claims due to causation issues. First, Defendant argues Woodard's design defect claim fails as a matter of law because he cannot show his injuries were caused by a design defect. Additionally, Defendant argues that Woodard's failure to warn claim fails as a matter of law because he cannot show he relied on an inadequate product warning or that he would have used a different product if additional or different warnings had been provided. The Court disagrees with these arguments.

Under Colorado law, the issue of causation is ordinarily a question of fact for the jury. *Gibbons v. Ludlow*, 304 P.3d 239, 244 (Colo. 2013) (citing *Allen v. Martin*, 203 P.3d 546, 566 (Colo. App. 2008). Where causation cannot be established through general knowledge, a plaintiff must present expert medical testimony that establishes causation to a reasonable degree of medical certainty. *Mathison v. U.S.*, 619 F. App'x 691, 694 (10th Cir. 2015) (citing *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F. 3d 1206, 1214-16 (10th Cir. 2004)) (applying Colorado law). As the Court previously explained in a separate 3M case that went to trial, to prove causation for a design defect claim a plaintiff "must produce expert evidence that would allow a reasonable jury to find, to a reasonable degree of medical probability, both that (1) the CAEv2 had defects that could have caused his injuries, and (2) that one or more of those defects did in fact cause his injuries." *See Wayman v. 3M Co.*, Case No. 7:20cv149, ECF No. 152 at 3-4 (N.D. Fla. Jan. 9, 2022) (applying Colorado law). Regarding a failure to warn claim, Colorado has adopted the doctrine of strict liability as stated in the Restatement (Second) of Torts § 402A, which includes provisions in Comment j that require a manufacturer to provide directions or warnings in order to prevent a product from being unreasonably dangerous and also that "[w]here warning is given, the seller may reasonably assume that it will be read and heeded." *See Hiigel v. General Motors Corp.*, 544 P.2d 983, 987 (Colo. 1975); Restatement (Second) of Torts §402A Comment j (Am. L. Inst. 1977); *Uptain v.*

*Huntington, Lab, Inc.*, 723 P.2d 1322 (Colo. 1986) (adopting the "heeding presumption"). Applying this doctrine, Colorado courts have recognized that "a manufacturer has a duty to warn all foreseeable ultimate users of dangers inherent in its products" and the plaintiff carries the burden of proving the manufacturer gave an inadequate warning of the danger that caused the injury. *O'Connell v. Biomet, Inc.*, 250 P.3d 1278 (Colo. App. 2010) (citing *Hiigel*, 544 P.2d at 987).

In this case, Woodard has disclosed an expert witness, Dr. Veena Vats, on the issue of specific causation. ECF No. 16-3. Defendant separately moved to exclude Dr. Vats's expert testimony and opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579 (1993). *See* ECF No. 17. After careful consideration, the Court found that Dr. Vats's opinions that Woodard's auditory injuries are causally linked to his use of the CAEv2 were reliable and that her expert testimony and opinions otherwise satisfied Rule 702 and *Daubert*. *See* ECF No. 20. Thus, the Court finds that Woodard has presented sufficient specific causation evidence as to his auditory injuries to establish a genuine dispute of fact and none of his claims fail on this ground.

To the extent Defendant also challenges general causation—that is, the sufficiency of Woodard's evidence that the CAEv2 was defective and unreasonably dangerous such that it *can* cause the kinds of auditory injury that he suffered—the challenge also fails. Woodard has identified several expert witnesses on his Rule 26

Expert Disclosure list who will offer general causation testimony, *see* ECF No. 16-3 (disclosing Packer, Spankovich, and McKinley), and this Court has already found those experts' general causation opinions are scientifically reliable, admissible, and sufficient to establish a triable issue of fact for purposes of summary judgment, *see, e.g.*, *In re 3M*, ECF No. 1680 (Packer, Spankovich, McKinley); *Estes v. 3M*, ECF No. 53 at 14.

Additionally, Woodard has provided evidence that Defendant was aware of the alleged defects in the CAEv2 and thus had a duty to warn of those defects. *See, e.g.*, ECF No. 16-6 ("Flange Report" indicating that the CAEv2 is "too short for proper insertion" and noting issues with fit requiring modified instructions to obtain the advertised NRR of 22 dB and that initial testing with standard fitting techniques resulted in a NRR of 11); ECF No. 16-8 at 1-2 (internal email stating both that "the CAE is not the optimal choice for a gun range" and "we need to be very clear that CAEs will not reduce 190 dB explosions to a safe level of 140 dB or less"). Woodard also points to previous trial testimony indicating that Defendant did not communicate these issues to the military and, by extension, to him as a servicemember. *See* ECF No. 16-11 (*Wayman* 1/12/22 Trial Tr. of testimony from Elliot Berger noting the Flange Report was not shared with the military); ECF No. 16-9 (internal email from 2014, long after the military started purchasing the CAEv2, stating "[a] shooter should not go to the gun range and fire a box of shells with the

yellow side in" while discussing a modification to the marketing stating "[i]nsert yellow end for gunshot noise protection"). Defendant argues the causal link should nonetheless be broken because Woodard indicated he did not recall whether he received instructions or warnings for the CAEv2. ECF No. 14 at 9. But Woodard explicitly stated at his deposition that he read the instructions for his earplugs and would have followed warnings on those instructions had they been provided, bolstering his heeding presumption. *See* ECF No. 16-11 at 115, and Defendant has offered no evidence that any instructions given were adequate to convey the warning.

Finally, Defendant argues Woodard has proffered no evidence that he would not have used the CAEv2 had adequate warnings been provided. However, Woodard has proffered evidence to show that the military would not have purchased the CAEv2 had it been provided adequate warnings of the alleged issues with the CAEv2. *See* ECF No. 16-19 at 5 (deposition testimony from Jeffrey Hamer, an employee of Defendant, acknowledging the military would find a NRR of 11 insufficient), ECF No. 16-21 at 2 (MPID indicating "instructions explaining proper use and handling of the ear plugs shall be supplied with each unit"); ECF No. 16-22 at 1 (orders to verify CAEv2 are not being used after being found defective by the military). Further, in stating that he relied on the military's safety guidelines for hearing protection and its choice of equipment issued, a reasonable jury could infer

that Woodard would have used a different product had the military been warned to provide a different one. *See* ECF No. 16-2 at 74, 88-89.

Accordingly, the Court finds that Woodard has presented sufficient causation evidence to establish a genuine dispute of fact which must be decided by a jury.

## II. Sufficient Reliance Evidence

Defendant also moves for summary judgment on Woodard's fraud-based claims, arguing Woodard has not identified any false representations or deceptive trade practices on which he personally relied. ECF No. 14 at 11-14, 18. The Court disagrees.

As the Court previously addressed in *Wayman v. 3M Co.*, Colorado courts allow plaintiffs to recover for injuries resulting from misrepresentations made to third parties on which the plaintiff reasonably and foreseeably relied and that, generally, justifiable reliance is a question of fact for the jury. *Wayman v. 3M Co.*, Case No. 7:20cv149, ECF No. 152 at 7 (N.D. Fla. Jan. 9, 2022) (applying Colorado law); *see also Mehaffy, Rider, Windholz & Wilson v. Central Bank of Denver, N.A.*, 892 P.2d 230, 236 (Colo 1995) (recognizing that a negligent misrepresentation claim is valid when the defendant "knows that its representation will be relied upon by" third parties); *Schnell v. Gustafson*, 638 P.2d 850, 852 (Colo. App. 1981) (recognizing that a fraudulent misrepresentation claim is actionable as long as the plaintiffs "were among that group of people who the [Defendant] intended to rely"

Case No. 7:20cv82803-MCR-HTC

on the fraudulent acts); *Varady v. White*, 595 P.2d 272, 391 (Colo. App. 1979) ("[T]he questions of misrepresentation and reliance are questions of fact . . . .") (citing *Linley v. Hanson*, 477 P.2d 453 (Colo. 1970)).

Here, Woodard has presented a sufficient evidentiary basis to raise a genuine dispute of material fact on which a reasonable jury could find that Defendant made affirmative misrepresentations to the United States military regarding the CAEv2, s*ee, e.g.*, ECF No. 16-26 (brochure stating that the CAEv2 is "protective up to approximately 190 dBP for outdoor exposures" and "sufficient to cover most of the weapons in the military infantry" to protect service members against both impulse and steady-state noise); ECF No. 16-27 (advertisement stating "[p]remolded triple-flange design fits most earcanals [*sic*]" and indicating high impulse noises, like weapons fire and explosions, are blocked instantly to suppress the noise to a safe level while using the yellow-end); ECF No. 16-8 (internal email chain from Defendant indicating "the CAE is not the optimal choice for a gun range" and that the "CAEs will not reduce 190 dB explosions to a safe level of 140 dB or less"); P-GEN-2962 at 28-29 (CAEv2 blister pack noting yellow end is for instant protection against weapon noise and the green end protects against constant noise with an NRR of 22); P-GEN-271 (paper insert accompanying blister pack noting standard fitting instructions only under "instructions for use" and reiterating use of yellow end for weapons fire), and that Woodard reasonably and foreseeably relied on these

misrepresentations in using the earplug. *See, e.g.*, ECF No. 16-2 at 51-53, 57-59 (Woodard explaining at his deposition that he would read any instructions he received with hearing protection devices and regularly used the yellow-and-green dual-sided earplugs he was issued pursuant to military safety requirements including while firing weapons on the shooting range). Thus, the Court finds that Woodard's fraud-based claims survive summary judgment.

### III. Fraudulent Concealment Claim

Defendant also moves for summary judgment on Woodard's fraudulent concealment claim, arguing it had no duty to disclose the alleged issues with the CAEv2 to Woodard, or alternatively that if the duty existed, Defendant did not conceal the information with the intent to induce Woodard to act. ECF No. 14 at 14-15. The Court disagrees.

As the Court previously addressed in *Wayman v. 3M Co.*, under Colorado Law the defendant owed a duty to disclose known issues with the CAEv2 that could have resulted in injury to servicemembers absent the disclosure. *See Wayman v. 3M Co.*, Case No. 7:20cv149, ECF No. 152 at 5-8 (N.D. Fla. Jan. 9, 2022); *see also Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105, 111 (Colo. 1998) (defendant has a duty to disclose "material facts that '*in equity or good conscience*' should be disclosed") (emphasis added) (citation omitted); *Loughridge v. Goodyear Tire and Rubber Co.*, 192 F. Supp. 2d 1175, 1184 (D. Colo. 2002) (citing *Schnell*, 638 P.2d

at 852) (duty to disclose can arise absent a business transaction in the products liability context). When viewing the evidence in the light most favorable to Woodard, a jury could infer that the problems with the CAEv2 were material and had they been disclosed to the military and servicemembers (who could purchase the earplugs commercially), the military and/or the servicemembers would not have used them for safety. Thus, Woodard's claim for fraudulent concealment survives summary judgment.

IV. Duplicative Claims

Defendant moves for summary judgment on Woodard's fraud and deceit and CCPA claims on the ground that these claims are duplicative of his fraudulent misrepresentation and failure to warn claims, respectively. ECF No. 14 at 10, 17-18. The Court agrees with the Defendant that the fraudulent misrepresentation and fraud and deceit claims are duplicative and thus dismisses Woodard's fraud and deceit claim.[3] However, the Court disagrees as to the CCPA and failure to warn claims.

---

[3] Under Colorado law, the elements for fraud and deceit and fraudulent misrepresentation are the same, and both claims have been consolidated into a single pattern jury instruction. *See* CJI-Civ. 19:1, Source and Authority n.1 (providing case law that supports the elements for the cause of action listed under the instruction and citing to Colorado cases that use either fraud and deceit or fraudulent misrepresentation to describe the same cause of action); *compare*, *Knight v. Cantrell*, 390 P.2d 948, 951 (Colo. 1964) (describing the elements under Instruction 19:1 as the necessary elements for a "fraud and deceit" claim), with *Just in Case Bus. Lighthouse, LLC v. Murray*, 383 P.3d 1, 14 (Colo. App. 2013), *aff'd in part, rev'd in part on other grounds*, 374 P.3d 443 (Colo. 2016) (describing these same elements as the necessary elements for a "fraudulent misrepresentation" claim). In prior 3M cases that went to trial, the Court submitted this pattern instruction under the heading of fraudulent misrepresentation, and therefore, this claim should be the surviving claim here. *See Wayman v. 3M Co.*, Case No. 7:20cv149, ECF No. 184-1 at 20-21

Under Colorado law, CCPA claims and failure to warn claims arise under distinct statutory authority. *See, e.g.*, C.R.S. § 6-1-113(1) (providing the statutory basis for a private cause of action under the CCPA rooted in unfair trade practices); C.R.S. § 13-21-401(2) (providing the statutory basis for failure to warn liability). A plaintiff's right to assert a claim under the CCPA is not barred by bringing other statutory or common law causes of action based on the same set of facts. *See Hall v. Walter*, 969 P.2d 224, 237 (Colo. 1998) (citing *Lexton-Ancira Real Estate Fund, 1972 v. Heller*, 826 P.2d 819 (Colo. 1992)). As the Court previously addressed in *Wayman*, the text of the CCPA very broadly allows for recovery for "*any* claim against *any* person who has engaged in . . . *any* deceptive trade practice listed," C.R.S. § 6-1-113 (emphasis added), and the Colorado Supreme Court has directed that the CCPA be given a "liberal construction" to offer "broad remedial relief" consistent with the CCPA's purpose. *See Wayman v. 3M Co.*, Case No. 720cv149, ECF No. 152 at 9-10 (N.D. Fla. Jan. 9, 2022); *see also Hall*, 969 P.2d at 230 (Colo. 1998). This Court, sitting in diversity, is bound by decisions of Colorado's Supreme Court and in the absence of those decisions, is bound by the decisions of lower Colorado appellate courts. *See Royal Ins. Co. of Am. V. Whitaker Contr. Corp.*, 242 F.3d 1035, 1040 (11th Cir. 2001); *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746

---

(N.D. Fla. Jan. 27, 2022); *Vaughn v 3M*, Case No. 7:20cv134, ECF No. 167 at 14-15 (N.D. Fla. Apr. 29, 2022).

Case No. 7:20cv82803-MCR-HTC

F.3d 1008, 1025 (11th Cir. 2014). In the absence of *any* binding state precedent, the Court must decide the issue as it believes a Colorado state court would. *See Wammock v. Celotex. Corp.* 835 F.2d 818, 820 (11th Cir. 1988) (citing *Green v. Amerada-Hess Corp.*, 612 F.2d 212, 214 (5th Cir.), *cert. denied*, 449 U.S. 952, 101 S. Ct. 356, 66 L.Ed. 2d 216 (1980)). The decision of a federal district court, while perhaps persuasive, is "not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

Defendant fails to cite, ECF No. 14 at 17-18, and the Court has not found a Colorado state court decision ruling that CCPA claims and failure to warn claims are duplicative. Defendant's reliance on a federal district court decision, *Curtin v. Ethicon, Inc.*, for this proposition is misplaced. Although the district court in *Curtin* found that the plaintiff's CCPA claim and failure to warn claim were "duplicative," the district court's reasoning makes clear that it found both claims barred by the learned intermediary defense, and the court limited its ruling to this context. *See Curtin v. Ethicon*, *Inc.*, Case No. 1:20cv3172, 2021 WL 825986, at *8 (D. Colo. Mar. 4, 2021) (applying Colorado law). Indeed, a review of the district court's decision confirms that its decision was based solely on the scope of the learned intermediary defense. *Id.* (citing *Carver v. Am. Med. Sys. Inc.*, Case No. 1:20cv445, 2020 WL 8258217, at 3 (D. Colo. May 18, 2020); *Huskey v. Ethicon*,

Case No. 7:20cv82803-MCR-HTC

*Inc.*, 29 F. Supp. 3d 736, 744-45 (S.D. W. Va. 2014) (finding in both cases that if the learned intermediary doctrine bars failure to warn claims, it also bars fraud-based claims premised on a failure to warn)). This is further evident based on the *Curtin* court's citing of the compilation of cases in *Huskey v. Ethicon, Inc.* as additional support. *Id.* (citing *Huskey*, 29 F. Supp. 3d 736, 744 (S.D. W. Va. 2014) (collecting cases finding the learned intermediary doctrine extends to all claims based on a failure to warn, including fraud-based claims)).

But, as the Court previously explained in *Wayman v. 3M Co.*, the learned intermediary defense is not applicable here because the CAEv2 is a consumer good that can be obtained without a physician intermediary. *See Wayman v. 3M Co.*, Case No. 7:20cv149, ECF No. 98 at 3 (N.D. Fla. Dec. 10, 2021); *see also O'Connell v. Biomet, Inc.*, 250 P.3d 1278, 1281 (Colo. App. 2010) (adopting the learned intermediary defense and explaining that this defense applies to a medical device because "it is only available to physicians and obtained by prescription"). And in *Wayman*, Defendant previously conceded the learned intermediary doctrine applies only to prescriptions and medical devices under Colorado law. *See Wayman v. 3M Co.*, Case No. 7:20cv149, ECF No. 54 at 3. The same applies here. Thus, in this case, where the learned intermediary defense does not apply, *Curtin* provides no guidance as to whether these claims should be considered duplicative under Colorado law. Absent binding precedent finding that failure to warn and

CCPA claims are necessarily duplicative, this Court adopts the Colorado Supreme Court's position in *Hall v. Walter* in which the court noted that a CCPA claim is not barred by other statutory or common law causes of action based on the same set of facts. *See Hall*, 969 P.2d 224, 237 (Colo. 1998).

Accordingly, Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED** as to Woodard's fraud and deceit claim and is otherwise **DENIED**.[4]

**SO ORDERED**, on this 17th day of June 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] Given the Court's ruling on the other matters, Defendant's motion for summary judgment on Woodard's punitive damages claim is denied.

Case No. 7:20cv82803-MCR-HTC